UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI TAJ BEY,
d/b/a CRAIG ALLEN MYRICK,

    Plaintiff,

v.                          Case No. 8:17-cv-759-T-33MAP

AMERICAN HONDA FINANCIAL
SERVICES CORP.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon sua sponte review of pro se Plaintiff Ali Taj Bey's Second Amended Complaint (Doc. # 18), filed on May 19, 2017. For the reasons that follow, the Court dismisses the Second Amended Complaint and grants Bey leave to file a third amended complaint by June 26, 2017.

**I.    Background**

Bey initiated this action on March 30, 2017, by filing his Complaint against Defendant American Honda Financial Services Corporation and a motion for leave to proceed *in forma pauperis*. (Doc. ## 1, 2). Bey then filed an Amended Complaint on April 25, 2017, invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331. (Doc. # 5). On

1

April 27, 2017, the Court denied Bey's motion for leave to proceed *in forma pauperis* and dismissed the Amended Complaint. (Doc. # 8). In that Order, the Court explained the issues with Bey's jurisdictional allegations. The Court also advised Bey that "because his claims rest on transactions entered under the name Craig Myrick, Bey should explicitly identify in his second amended complaint whether Myrick is his legal name." (Id. at 11).

Now Bey has filed a Second Amended Complaint, invoking this Court's diversity jurisdiction. (Doc. # 18). The Second Amended Complaint states that "CRAIG ALLEN MYRICK, assumed name, through its authorized representative Ali Taj Bey" is the plaintiff in this action. (Id. at 1). Additionally, "[t]he Plaintiff is an unincorporated business tradename organized under the laws of New Jersey State" and "Plaintiff is an agency created under the laws of the land in which it is domiciled, New Jersey, and is a New Jersey National, (*New Jersian*), of the age of majority." (Id. at 2)(emphasis original). Bey insists he is "proceeding in sui juris, jus soli, not pro se." (Id.). The Second Amended Complaint also alleges American Honda is "incorporated in the state of California." (Id.). Although Bey alleges neither party is a citizen of Florida, he argues the Tampa Division of the Middle

2

District of Florida is the proper venue because "[American Honda] regularly transacts business here in Florida State. The contract was executed in Hillsborough County, Florida State, the property (2016 Honda HR-V) is located in Hillsborough County." (Id.).

The Second Amended Complaint contains the same six common law causes of action as the Amended Complaint: Count 1 — breach of contract; Count 2 — willful and negligent refusal to rescind; Count 3 — unjust enrichment; Count 4 — breach of fiduciary duty; Count 5 — conversion; and Count 6 — fraud in the inducement. (Doc. # 18). Bey alleges he purchased a 2016 Honda HR-V in December of 2015, and that American Honda financed his purchase. Bey asserts he paid the loan in full — overpaid it, in fact — but American Honda refuses to acknowledge his payment. As a result, Bey has continued to make payments under protest and suffered damages. He demands "all proceeds from the sale of the note, plus all money paid on account for a total judgment of $120,721.71 + $91,250.50 (notes sold) for a total judgment of $211,972.21." (Id. at 9).

II. **Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by

attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014). A district judge may sua sponte dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted). Likewise, "[t]he district judge also has the inherent authority sua sponte to require the plaintiff to file a more definite statement." Id. (citing Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly . . . ." Fikes, 79 F.3d at 1082 (citation omitted).

Complaints that fail to plead discretely and succinctly are often shotgun complaints. The Eleventh Circuit has

described four varieties of shotgun complaints: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). A defendant faced with such a complaint is not expected to frame a responsive pleading. Id. "The Federal Rules of Civil Procedure, pertinent precedent, sound principles of litigation

5

management, and fairness to the opposing party almost uniformly commend requiring a litigant to submit a complaint that is not a 'shotgun pleading' and that otherwise complies with the salutary rules of pleading." Stevens v. Barringer, No. 2:11-cv-697-UA-SPC, 2013 WL 24272, at *2 (M.D. Fla. Jan. 2, 2013).

Additionally, a federal court may raise jurisdictional issues on its own initiative at any stage of litigation, and the Court may dismiss a complaint for lack of subject-matter jurisdiction based on the complaint alone. Butler v. Morgan, 562 F. App'x 832, 834 (11th Cir. 2014).

## II. Analysis

Although it is an improvement upon the Amended Complaint, the Second Amended Complaint should be dismissed for a number of reasons. The Second Amended Complaint violates Rule 10(b) because it does not have numbered paragraphs throughout. Rather, Bey stops numbering paragraphs before the "Substantive Allegations" section. If he chooses to file a third amended complaint, Bey should number every paragraph of the third amended complaint, including those in the factual allegations section and the various counts.

Also, Bey has not included all of his factual allegations in the "Substantive Allegations" section. Bey introduces new

factual allegations in certain counts. For example, in Count One, Bey alleges for the first time that American Honda has "accepted novation of the original agreement" yet "refuses to settle the account on demand" and has since rejected Bey's other offer to settle the debt for $24,891.90. (Doc. # 18 at 3). In the third amended complaint, Bey must assert any facts upon which his claims rest in the section dedicated to factual allegations. Furthermore, Bey may specifically incorporate the relevant factual allegations for each count at the beginning of each count.

In the Second Amended Complaint, Bey cites to exhibits attached to the original Complaint. For example, in Count One, Bey directs the reader to "see definition of legal tender in page 10 of 3/30/2017 filing," by which Bey means the exhibits to the Complaint filed on March 30, 2017. (Id. at 3). This is improper because the Complaint to which the referenced exhibits were attached has been dismissed. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016)("[W]hen Mr. Hoefling filed the second amended complaint, the first amended complaint (and its attached exhibits) became a legal nullity."). If Bey wishes to use exhibits to support his allegations, he must attach those exhibits to the third amended complaint.

7

Throughout the Second Amended Complaint's counts, Bey asserts American Honda has violated the National Bank Act because banking associations "are prohibited from lending credit" and "loaning their own stock." (Doc. # 18 at 4-6). As the Court explained in its previous Order, the National Bank Act sections Bey cites do not create private rights of action. (Doc. # 8 at 6-7); see also Davis v. Countrywide Home Loans, No. 09 CIV. 8606 RJS HBP, 2010 WL 3219306, at *8 (S.D.N.Y. July 23, 2010), report and recommendation adopted, No. 09 CIV. 8606 RJS HBP, 2010 WL 3219304 (S.D.N.Y. Aug. 13, 2010)("Provisions of the National Bank Act, such as Sections 29 and 83, which do not prescribe a penalty for noncompliance may be enforced only by the government."). Thus, Bey cannot maintain a claim against American Honda for a violation of the National Bank Act. Similarly, Bey's quoting the book of Proverbs — "He that by usury and unjust gain increaseth his substance, he shall gather it for him that will pity the poor" — does not create a cause of action or legally support his claims. (Doc. # 18 at 6). In his third amended complaint, Bey should refrain from including such quotations and citations to statutes that do not create his causes of action.

Finally, some questions remain regarding the citizenships of the parties. The Court reminds Bey that

"[w]hen jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979). The Second Amended Complaint specifies American Honda is incorporated in California, but does not state where American Honda has its principal place of business. (Doc. # 18 at 2). As the Court explained in its last Order, corporations are deemed to be citizens of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, in his third amended complaint, Bey must state where American Honda is incorporated as well as where it maintains its principal place of business.

The Court is also perplexed as to how Myrick, Bey's assumed name, qualifies as both an "unincorporated business tradename organized under the laws of New Jersey" and "an agency," which Bey argues is "domiciled" in New Jersey. (Doc. # 18 at 2). The confusion is compounded by Bey's own "Notice of Filing Certification of Record," which shows that Myrick is registered as an assumed name in Minnesota, rather than

New Jersey. (Doc. # 15). Bey should clarify the legal status of his "assumed name" Myrick, including in which state or states that name is registered, in his third amended complaint.

Although the Second Amended Complaint is dismissed, the Court grants leave to file a third amended complaint, which should correct the problems noted in this Order, by June 26, 2017. Failure to file a third amended complaint by that date will result in dismissal of this action without further notice. As the current deadline to effect service on American Honda is June 28, 2017, and the third amended complaint is not due until June 26, 2017, the Court sua sponte extends the service deadline to August 28, 2017. Bey must properly serve American Honda in accordance with the requirements of the Federal Rules of Civil Procedure by that date, or possibly face dismissal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Second Amended Complaint (Doc. # 18) is **DISMISSED.**
(2) Bey may file a third amended complaint by **June 26, 2017,** failing which this action will be dismissed without further notice.

(3) Bey must properly serve Defendant in accordance with the requirements of the Federal Rules of Civil Procedure by **August 28, 2017.** Failure to do so may result in dismissal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of May, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE