UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI TAJ BEY,
d/b/a CRAIG ALLEN MYRICK,

    Plaintiff,

v.                               Case No. 8:17-cv-759-T-33MAP

AMERICAN HONDA FINANCIAL
SERVICES CORP., et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon review of pro se Plaintiff Ali Taj Bey's "Writ Of Mandamus To Compel This Court To Waive Any Filing Fees And Proceed Upon Payment Of Five Dollars To The Clerk Of Court" (Doc. # 38), which the Court construes as a Motion for leave to appeal *in forma pauperis*. For the reasons that follow, the Court denies the Motion without prejudice.

**Discussion**

In the construed Motion, Bey "request[s] that this court issue an order granting [him] the right to appeal a final judgment and order entered by this court." (Doc. # 38 at 2).

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to

1

proceed *in forma pauperis* on appeal. Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>
>> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> **(B)** claims an entitlement to redress; and
>>
>> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval.** A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization, unless:
>
>> **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding, or
>>
>> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a). Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal

> therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> ***
> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). The statute provides further that the court must dismiss a case at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous. Id. at (e)(2)(A), (B). Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay, and (2) the appeal must be brought in good faith.

Here, Bey has not filed a notice of appeal, so the Court is uncertain what order he wishes to appeal. Additionally, the Court notes that it has not entered a final order or judgment resolving this action. Although Bey's Fourth Amended Complaint was stricken for failure to comply with Federal Rule of Civil Procedure 15(a), (Doc. # 37), the case remains open with the Third Amended Complaint serving as the operative complaint. The confusion is compounded by Bey's Motion itself

— although he lists the parties to this action in the caption, the Motion includes a different case number for one of Bey's other cases that has been dismissed, Bey v. Experian, et al., Case No. 8:17-cv-806-SDM-AEP. Therefore, it is unclear whether Bey even intended to file his construed Motion in this case.

Because the Court cannot determine what order Bey wishes to appeal, the Court cannot determine whether the appeal is non-frivolous and taken in good faith. Furthermore, the construed Motion is deficient because Bey has not included any information about his financial status as required by 28 U.S.C. § 1915(a)(1) and Rule 24(a). Therefore, Bey's construed Motion for leave to appeal *in forma pauperis* is denied. But the Court denies the Motion without prejudice so that Bey may file a proper motion for leave to appeal *in forma pauperis* if he chooses to file a notice of appeal.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Ali Taj Bey's "Writ Of Mandamus To Compel This Court To Waive Any Filing Fees And Proceed Upon Payment Of Five Dollars To The Clerk Of Court" (Doc. # 38), which the Court construes as a Motion for leave to appeal *in forma pauperis*, is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of August, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE