UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI TAJ BEY,

      Plaintiff,

v.                    Case No. 8:17-cv-759-T-33MAP

AMERICAN HONDA FINANCE CORP.,
et al.,

      Defendants.

_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of Defendant Experian Information Solutions, Inc.'s Motion to Dismiss the Fourth Amended Complaint (Doc. # 48) and Defendant Equifax Information Services LLC's Motion to Dismiss the Fourth Amended Complaint (Doc. # 49), both filed on September 5, 2017. Pro se Plaintiff Ali Taj Bey filed a "Motion to Strike, Dismiss Defendants, Defenses and Counterclaims for Failure to State a Claim, Demand for Judgment on the Pleadings" on October 12, 2017, which the Court also construes as Bey's response in opposition to Defendants' Motions. (Doc. # 62). Equifax, Experian, and Defendant Trans Union, LLC responded to Bey's Motion. (Doc. # 63). For the reasons that follow, Defendants' Motions are granted and Bey's Motion is denied.

## I.  **Background**

Bey initiated this action on March 30, 2017, by filing his Complaint against Defendant American Honda Financial Services Corporation. (Doc. # 1). Bey then filed an Amended Complaint on April 25, 2017, which the Court dismissed on April 27, 2017. (Doc. ## 5, 8). Bey then filed a Second Amended Complaint, asserting various claims including violation of the National Bank Act and breach of contract against American Honda, based on American Honda's failure to acknowledge that Bey paid off his debt. (Doc. # 18). The Court dismissed the Second Amended Complaint on May 25, 2017, noting that the National Bank Act did not create a private cause of action and directing Bey to clarify the citizenships of the parties involved. (Doc. # 25).

Then, on July 3, 2017, Bey filed his Third Amended Complaint asserting Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., claims against American Honda Finance Corp. and three other Defendants, Equifax, Trans Union, and Experian. (Doc. # 28). After Equifax filed a motion to dismiss, Bey filed his Fourth Amended Complaint on August 18, 2017, again alleging FCRA claims against American Honda, Equifax, Experian, and Trans Union. (Doc. # 43).

In the Fourth Amended Complaint, Bey alleges he "made written requests" to American Honda, his creditor, "to verify the information they were reporting as correct." (Id. at 8). But American Honda "failed to respond to [his] FCRA dispute" and failed "to promptly delete this information and cease reporting to all (3) major consumer reporting agencies." (Id.). Additionally, he "generally dispute[d] any information on my report simultaneously with all 3 major credit reporting agencies, Experian [], Equifax [], [and Trans Union], to assure the completeness and accuracy of all reports." (Id. at 3). "All allegations made with respect to defendants range from failure to make required disclosures with all notices, which should include the summary of consumer rights, for failure to remove disputed accounts or provide certifications from furnishers, or delete incomplete, inaccurate or unverified information within 30 days of the request." (Id.).

At the time of this Order, American Honda Finance Corp. has been dismissed as a party and Trans Union has filed its Answer. (Doc. ## 46; 59). Equifax and Experian moved for dismissal of the Fourth Amended Complaint as to the claims against them on September 5, 2017. (Doc. ## 48, 49). Bey filed his "Motion to Strike, Dismiss Defendants, Defenses and Counterclaims for Failure to State a Claim, Demand for

Judgment on the Pleadings" on October 12, 2017, which the Court construes as both a motion to strike Defendants' pleadings and Bey's response to Defendants' Motions to Dismiss. (Doc. # 62). Experian, Equifax, and Trans Union responded to Bey's Motion on October 26, 2017. (Doc. # 63).

## II.  Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." <u>St. George v. Pinellas Cty.</u>, 285 F.3d 1334, 1337 (11th Cir. 2002).

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." <u>McFarlin v. Douglas Cty.</u>, 587 F. App'x 593, 595 (11th Cir. 2014).

## III. <u>Analysis</u>

Bey alleges Equifax and Experian each violated two sections of the FCRA: 15 U.S.C. §§ 1681g and 1681i.

### A. <u>Claims against Equifax</u>

Equifax argues the FCRA claims against it should be dismissed because Bey is attempting to collaterally attack the validity of the debt he owes American Honda, and, furthermore, Bey has failed to state claims under the FCRA. (Doc. # 29 at 3). The Court agrees. The Fourth Amended Complaint's vague allegations are insufficient to state a

claim under the FCRA. The Court will address each count separately.

### 1.  Count II

In Count II, labelled "Plaintiff Alleges Equifax Information Solutions Failed to Make Required Disclosures and Enclose Consumers' Summary of Rights," Bey appears to assert claims under both § 1681g and § 1681i.

Section 1681g sets out the procedures that consumer reporting agencies must follow when they receive a request for information from a consumer. 15 U.S.C. § 1681g(a) ("Every consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request . . . (2) The sources of the information . . ."). Additionally, "[a] consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section — (A) the summary of rights prepared by the Bureau under paragraph (1) . . . ." 15 U.S.C. § 1681g(c)(2).

According to Bey, "[o]n January 24, 2017 & May 16, 2017, Equifax [] failed to make the required disclosures and enclose consumers' summary of rights." (Doc. # 43 at 10). Equifax argues this allegation is insufficient to state a claim under § 1681g(a) because Bey "does not set forth any details

regarding a request for a disclosure or the sources of information he claims were not disclosed to him." (Doc. # 49 at 7). Equifax also complains that Bey "has not alleged any actual damages as a result of" the purported § 1681g(a) violation, which would be required to state a claim for negligent noncompliance. (Id.); see Taylor v. Screening Reports, Inc., 294 F.R.D. 680, 686 (N.D. Ga. 2013)("Defendant moves to dismiss Plaintiff's claim that SRI negligently violated § 1681g. To prove a case of negligent noncompliance, Plaintiff must produce some evidence of actual damages caused by the violation.").

The Court agrees. Although Bey provides two dates, he does not elaborate on the content of his requests for disclosure. Bey does not elaborate on whether Equifax failed to disclose all information in his file and all sources of information or whether it partially disclosed some information and sources. And Bey does not explain whether no summary of consumer rights was included, or whether an insufficient summary was included. If the summary of rights was deficient, Bey does not explain how. Therefore, Bey has not plausibly stated a claim under § 1681g(a) by Equifax and has failed to put Equifax on notice of how it allegedly violated the FCRA.

Bey also asserts that Equifax failed to notify him and the furnisher of information when it deleted two "FED LOANS SERVICING" accounts from his report. (Doc. # 43 at 11). Additionally, Equifax "failed to remove all (6) 'FED LOANS SERVICING ACCOUNTS' if it was determined they were inaccurate, outdated or unverified." (Id.). As these allegations relate to Equifax's duty to reinvestigate when disputes are made, they fall under § 1681i. Section 1681i "requires a consumer reporting agency to reinvestigate disputed information in a consumer's file if the consumer notifies the agency that the information is disputed." Allmond v. Bank of Am., No. 3:07-cv-186-J-33JRK, 2008 WL 205320, at *3 (M.D. Fla. Jan. 23, 2008)(citing 15 U.S.C. § 1681i). And,

> If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall--
>
> (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>
> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

15 U.S.C. § 1681i(a)(5)(A).

First, Bey's allegation that Equifax failed to notify him when it deleted disputed accounts from his credit report cannot form the basis of a § 1681i(a)(5)(A) claim. Section 1681i(a)(5)(A), regarding the treatment of inaccurate or unverifiable information, does not require a credit reporting agency to notify a consumer after it has deleted the item of information disputed by the consumer from the consumer's credit report. In contrast, under § 1681i(a)(5)(B)(ii), a consumer reporting agency is required to notify a consumer if it reinserts previously deleted information back into a consumer's report — an allegation that Bey does not make. Nor does Bey allege Equifax failed to provide him a notice of the results of its reinvestigation, as required by § 1681i(a)(6). So, even construing the Fourth Amended Complaint liberally in light of Bey's pro se status, Bey has not stated a claim under the FCRA for Equifax's alleged failure to notify him that certain disputed information was deleted from his report.

And, while Equifax would be required to notify the furnisher of information for the deleted accounts that the information had been deleted under § 1681i(a)(5)(ii), Bey provides nothing but a conclusory allegation that Equifax did not notify the furnisher of information for the account. (Doc. # 43 at 11). Bey does not even explicitly identify the

furnisher of information. With only such vague allegations, Bey has not plausibly stated a claim that Equifax violated § 1681i(a)(5).

Regarding Bey's allegation that Equifax failed to delete 6 disputed accounts, this allegation is insufficient to state a cause of action under the FCRA. Bey claims Equifax "failed to remove all (6) 'FED LOANS SERVICING ACCOUNTS' if it was determined they were inaccurate, outdated or unverified." (Id. at 11). But, Bey does not allege that Equifax found the 6 accounts inaccurate or unverified following its reinvestigation, yet failed to remove those items from his credit report. Nor does Bey explain why he disputed these accounts to Experian — i.e. why Bey believed the 6 accounts were inaccurate. Cf. Green v. Chase Bankcard Servs., Inc., No. 8:16-cv-3252-T-33AAS, 2017 WL 1135314, at *7 (M.D. Fla. Mar. 25, 2017)(dismissing § 1681i claim because the plaintiff's "vague reference to mathematical errors [did] not provide sufficient factual support for her allegation that Defendants violated the FCRA"). Therefore, Bey's allegation regarding the 6 accounts that were not deleted does not state a claim under § 1681i.

## 2.    <u>Count III</u>

In Count III, labelled "Plaintiff Alleges Equifax Information Solutions Failed to Verify the Information in My File and the Procedure in Which It Verified the Accuracy of the Information," Bey attempts to assert a claim under § 1681i. As the Court explained for Count II, § 1681i "requires a consumer reporting agency to reinvestigate disputed information in a consumer's file if the consumer notifies the agency that the information is disputed." <u>Allmond</u>, 2008 WL 205320, at *3.

Bey alleges that on numerous dates in 2016 and 2017 he "requested that Equifax verify the sources of information in [his] file" but Equifax "concluded that the information on file was verified, without providing any of the requested documentation or procedure(s) used to verify the accounts." (Doc. # 43 at 12). According to Bey, credit reporting agencies "SHALL furnish a copy of the original, signed consumer application for the credit that they have in their files," and Equifax failed to do so. (<u>Id.</u>).

First, Equifax argues that § 1681i does not require credit reporting agencies to furnish a copy of the original, signed consumer application for credit, as Bey insists. (Doc. # 49 at 8). Indeed, a review of § 1681i shows that no provision

11

requires a credit reporting agency to obtain a copy of the original credit agreement between a furnisher of information and consumer, nor requires a credit reporting agency to provide a copy of such a signed agreement to a consumer upon the consumer's request. Therefore, a failure to provide a copy of the original, signed credit application or agreement between Bey and his creditor does not create a claim against Equifax.

Additionally, Bey has failed to allege what documentation he requested, besides the original signed agreement. Nor does Bey allege what information in his file he requested Equifax to verify, why Equifax's verification of the disputed debt was incorrect, and why that disputed debt should have been deleted. Therefore, Bey has not plausibly alleged Equifax improperly reinvestigated his account.

Finally, Bey alleges Equifax did not explain the "procedure(s) used to verify the accounts" in its reply to Bey's reinvestigation request. (Doc. # 43 at 12). True, under § 1681i(a)(6)(B)(iii), a credit reporting agency's written notice of the results of its reinvestigation must include "a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the

agency . . ." Thus, in its responses to Bey's reinvestigation requests, Equifax was required to notify Bey that he could request a description of the procedure Equifax used in its reinvestigation.

But Bey does not allege that Equifax's responses to his reinvestigation requests failed to include the required notice. Nor does Bey allege that he sent a request for a description of Equifax's procedures after receiving Equifax's responses indicating the results of its reinvestigation. Bey only alleges that Equifax's responses did not describe the procedures used to reinvestigate. This does not state a claim for violation of § 1681(a)(6)(B)(iii). Therefore, Bey is not entitled to relief against Equifax for either Count II or III.

**B.  Claims against Experian**

The Fourth Amended Complaint contains two counts, Counts V and VI, against Experian. Experian argues Bey has not plausibly stated claims under the FCRA in either count.

**1.  Count V**

Count V, labelled "[Plaintiff] Alleges Experian Information Solutions Failed to Make Required Summary of Rights Disclosures," is brought under § 1681g(c)(2) of the FCRA. That section provides:

A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer **under this section** —

(A) the summary of rights prepared by the Bureau under paragraph (1);

(B) in the case of a consumer reporting agency described in section 1681a(p) of this title, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours;

(C) a list of all Federal agencies responsible for enforcing any provision of this subchapter, and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency;

(D) a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights; and

(E) a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

15 U.S.C. § 1681g(c)(2)(emphasis added).

Bey alleges that, "upon written request for verification or reinvestigation, Experian [] responded in writing" but "failed to make required Summary of Rights disclosures." (Doc. # 43 at 15). In response, Experian argues that the exhibits to the Fourth Amended Complaint, which are excerpts from correspondence from Experian to Bey, "plainly contradict [Bey's] claims." (Doc. # 48 at 3). Experian does not identify

which exhibits include all the required summary of rights information. Nevertheless, it asserts "[t]his compilation shows that Experian made a variety of extensive disclosures to [Bey] about his rights under the FCRA during several different contacts." (Id.).

Furthermore, the Court notes that some of the exhibits attached to the Fourth Amended Complaint are notices from Experian reporting the results of the various reinvestigations requested by Bey. (Doc. # 43-1 at 32, 35). Bey alleges that Experian's responses to his requests for reinvestigation failed to include the summary of rights disclosure. But inclusion of the summary of rights is only required for disclosures made pursuant to § 1681g(a) and Experian sent the notices of the reinvestigation results to Bey pursuant to § 1681i(a)(6), rather than § 1681g(a). See 15 U.S.C. § 1681i(a)(6) ("A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection . . . ."); Nunnally v. Equifax Info. Servs., LLC, 451 F.3d 768, 774 (11th Cir. 2006)("That Congress did not refer to section 1681g(a) in the requirements for a report following a reinvestigation, id. § 1681i(a)(6)(B)(ii), but referred to section 1681g(a) in subsection (c)(1)(B)(i), is evidence that Congress did not

intend to require disclosure of the consumer's complete file as the consumer report following reinvestigation.").

The notices of reinvestigation results were not disclosures of Bey's file under § 1681g(a) and were not subject to the requirements imposed on disclosures under § 1681g. Thus, to the extent Bey's claim is based on notices of reinvestigation results sent by Experian under § 1681i(a)(6), Bey cannot state a claim for violation of the summary of rights requirements imposed by § 1681g(c)(2).

Regardless of the exhibits, Experian stresses this claim should be dismissed because the Fourth Amended Complaint "wholly fails to explain what aspects of these disclosures are purportedly deficient." (Doc. # 48 at 3). The Court agrees. Bey does not identify which information required for the summary of rights was excluded from Experian's disclosures. It is not the responsibility of the Court and Defendants to sift through Bey's exhibits to deduce what information, if any, is missing from a summary of rights. Cf. Duo-Regen Techs., LLC v. 4463251 Canada, Inc., No. 8:13-cv-2108-T-27TBM, 2014 WL 1338117, at *3 (M.D. Fla. Apr. 2, 2014)("Plaintiff cannot reasonably expect one to sift through 341 pages of exhibits to identify and piece together the missing facts."). Because Bey has failed to identify what

information was left out of the summary of rights or how the summary was otherwise deficient, Bey has failed to plausibly state a claim under § 1681g(c)(2).

## 2. Count VI

Count VI, labelled "[Plaintiff] Alleges Experian Information Solutions Failed to Provide the Consumers Application for the Credit Upon Request," is brought under § 1681i of the FCRA. Bey alleges that, "upon written request for verification or reinvestigation, Experian [] responded failing to provide [Bey] with evidence of the consumer's application for the credit as required by the Act." (Doc. # 43 at 17).

As the Court already determined for Count III, § 1681i does not require Experian to provide Bey with his application for the credit reported on Bey's consumer report. The Court agrees with Experian that "the statute requires only that Experian conduct a reasonable reinvestigation, which may involve contacting the subscriber and asking it to review its records related to the consumer." (Doc. # 48 at 4). And Bey has not pointed out any language in the statute or case law interpreting the statute that requires consumer reporting agencies to maintain copies of consumers' applications for

credit. Therefore, Bey has failed to state a claim under §
1681i. Both Counts V and VI against Experian are dismissed.

### C. Bey's "Motion to Strike, Dismiss Defendants, Defenses and Counterclaims for Failure to State a Claim, Demand for Judgment on the Pleadings"

The Court has already construed Bey's Motion as a
response in opposition to Experian and Equifax's Motions.
Now, the Court addresses the other relief Bey requests in his
Motion. The Motion must be denied.

First, as to Bey's request that Defendants' Motions and
pleadings be stricken, Bey has not presented an adequate
reason for the Court to do so. Under the Federal Rules of
Civil Procedure, a court "may strike from a pleading an
insufficient defense or any redundant, immaterial,
impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).
But, "[m]otions to strike on the grounds of insufficiency,
immateriality, irrelevancy, and redundancy are not favored,
often being considered 'time wasters,' and will usually be
denied unless the matter sought to be omitted has no possible
relationship to the controversy, may confuse the issues, or
otherwise prejudice a party." Italiano v. Jones Chems., Inc.,
908 F. Supp. 904, 907 (M.D. Fla. 1995)(citations omitted);
see also Augustus v. Bd. of Public Instruction, Escambia Cty.,
306 F.2d 862, 868 (5th Cir. 1962)("The motion to strike should

be granted only when the pleading to be stricken has no possible relation to the controversy.").

Bey does not identify any material in Defendants' Motions and Answer that is redundant, immaterial, impertinent, or scandalous. Rather, he states: "After contacting all parties to see if a settlement could be reached, we could not in good faith come to agreement, so I file this action to strike all pleadings by the defendants." (Doc. # 62 at 1). Bey argues that striking Defendants' pleadings "is warranted because Defendants failed to establish standing to defend suit" and "Defendants' unsworn statements masquerading as facts amount to hearsay, which are inadmissible without witness statements, sworn affidavits, or sworn statements." (Id.). Bey goes on to cite case law for the proposition that "an attorney's unsworn statements of fact do not establish a fact" and are not sufficient basis for granting summary judgment. (Id. at 3).

Bey misunderstands – the Court is not making any determinations of fact at this motion to dismiss stage. In ruling on Experian and Equifax's Motions to Dismiss, the Court takes all the factual statements made by Bey as true, except for bare legal conclusions that the Court is not required to accept. See Papasan, 478 U.S. at 286 ("Courts are not 'bound

to accept as true a legal conclusion couched as a factual allegation.'"). And, in making their arguments for dismissal, Experian and Equifax are not required to submit sworn affidavits or witness testimony. Similarly, Trans Union was not required to submit such sworn affidavits or testimony in support of its Answer and affirmative defenses. Bey has not otherwise explained which of Trans Union's affirmative defenses should be stricken or why. See <u>Suchan v. Am. Exp. Co.</u>, No. 8:13-cv-254-T-33EAJ, 2013 WL 2382285, at *1 (M.D. Fla. May 30, 2013)(stating that affirmative defenses are only stricken if they are "insufficient as a matter of law," meaning the affirmative defense is "patently frivolous" or "clearly invalid as a matter of law"). Therefore, Defendants' pleadings should not be stricken.

Bey's request that the Defendants' defenses and counterclaims be dismissed for failure to state claim is equally unavailing. (Doc. # 62 at 1). As Defendants correctly note, they have not raised any counterclaims. (Doc. # 63 at 2). Therefore, there are no counterclaims to dismiss.

Additionally, despite labelling his Motion as including a "Demand for Judgment on the Pleadings" and stating that "judgment [must be] awarded for the plaintiff on all claims," Bey does not present any argument as to why a judgment on the

pleadings should be granted. (Doc. # 62 at 1, 5). Nor does he mention the judgment on the pleadings standard under Rule 12(c). <u>See</u> Fed. R. Civ. P. 12(c)("After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."). Further, motions for judgment on the pleadings are only available once the pleadings are closed. <u>See</u> <u>Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist.</u>, 631 F. App'x 851, 853 (11th Cir. 2015)("[A] party may not move for judgment on the pleadings until '[a]fter the pleadings are closed.' The pleadings are closed only when a complaint and answer have been filed."). While Trans Union has filed its Answer, Experian and Equifax have filed Motions to Dismiss, rather than answers. So, the pleadings are not closed and Bey's moving for judgment on the pleadings for the claims against Experian and Equifax is premature.

Bey has not shown that Defendants' Motions and pleadings should be stricken or that a judgment on the pleadings should be granted. Therefore, Bey's Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Experian Information Solutions, Inc.'s Motion

    to Dismiss the Fourth Amended Complaint (Doc. # 48) is

**GRANTED** to the extent the claims against Experian are dismissed.

(2) Defendant Equifax Information Services LLC's Motion to Dismiss the Fourth Amended Complaint (Doc. # 49) is **GRANTED** to the extent the claims against Equifax are dismissed.

(3) Bey's "Motion to Strike, Dismiss Defendants, Defenses and Counterclaims for Failure to State a Claim, Demand for Judgment on the Pleadings" (Doc. # 62) is **DENIED.**

(4) Counts II, III, V, and VI of the Fourth Amended Complaint are **DISMISSED.**

(5) The Clerk is directed to terminate Experian and Equifax as parties in this action.

(6) The case remains pending as to the claims against Defendant Trans Union LLC.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of October, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE